* * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Rowell and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except for minor modifications.
 * * * * * * * * * * *
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The parties are subject to the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between plaintiff and the defendant-employer at all times relevant to this case.
3. Defendant employer is self-insured, and Specialty Risk Services is the servicing agent on this claim.
4. Plaintiff alleges, and defendants deny, that plaintiff suffered bilateral carpal tunnel syndrome, both as an occupational disease and as a result of her work-related accident, which arose out of and in the course of her employment with defendant-employer.
5. Plaintiff alleges, and defendants deny, that plaintiff is in need of attendant care and that plaintiff is entitled to be paid for past attendant care that she received from Bob Smith.
6. Plaintiff's average weekly wage was $741.11.
7. Plaintiff's compensation rate is $494.08.
8. The parties stipulate into evidence as Stipulated Exhibit #1, the Pre-Trial Agreement, as modified and initialed by the parties and as note of table of contents.
9. The parties stipulate into evidence as Stipulated Exhibit #2, medical records.
 * * * * * * * * * * *
Based upon all of the competent evidence of record the Full Commission makes the following:
 FINDINGS OF FACT
1. On October 31, 1999 plaintiff Michelle Kish worked as a staff registered nurse for defendant employer Frye Regional Medical Center. On that date, she injured her back while lifting a patient.
2. Defendant employer accepted the compensability of that claim by filing a Form 60 Admission of Employee's Right to Compensation pursuant to N.C. Gen. Stat. § 97-18(b).
3. As plaintiff's injury was a herniated disc at L5-S1, she underwent a laminectomy in April 2000. Following that surgery, plaintiff retained low back pain, and was treated with steroid injections for the pain. Since the steroid injections provided only temporary relief, a dorsal column stimulator was implanted in her back in 2001.
4. Soon after the dorsal column stimulator implant surgery, plaintiff developed an infection in the disc at L5-S1. Plaintiff began running fevers as high as 105° and was hospitalized several times at Davis Hospital in Statesville. Dr. Douglas Pritchard, her treating pain management physician, referred her to Johns Hopkins Medical Center in Baltimore, Maryland where the spinal cord stimulator was removed.
5. Upon her return from Johns Hopkins, plaintiff continued to run high fevers and remain septic. Dr. Pritchard and orthopedic surgeon Dr. Sam Chewning decided that plaintiff's infected disc should be removed. However, plaintiff then developed blood clots in her upper chest region and was referred to Dr. Hudson at Charlotte Medical Clinic, who specializes in treatment of blood disorders. Dr. Al Hudson prescribed Coumadin, a blood thinner, to reduce the risk of further clotting. As a consequence, plaintiff then was no longer a candidate for surgery to remove her infected disc because of the risk of uncontrolled bleeding from the Coumadin.
6. Drs. Pritchard, Chewning and Hudson still treat Ms. Kish. She still runs chronic fevers from the infected disc and remains weak from that infection. She now takes the following medications, prescribed by Dr. Pritchard: Provigil for energy, Oxycontin for pain, Zanaflex for muscle spasms, Welbutin for depression, Celexa for depression, Gabatril for seizures and pain, Acipahex for esophageal reflux, Actia for pain, Zofran for nausea, and Kytril for nausea. She takes the following medicines prescribed by Dr. Hudson: Altace for blood pressure, and Coumadin as a blood thinner.
7. Since Ms. Kish developed the infection in her disc in 2002, she has not been able to care for her own living needs without assistance. Ms. Kish's common law husband, Bob Smith, provided her attendant care needs and transportation needs, although he has worked as a Chemistry Instructor at Mitchell Community College and as a Chemistry teacher at West Caldwell High School during this period. Mr. Smith has provided grocery shopping, cooking, house cleaning, and assistance with her bathing.
8. Dr. Pritchard made numerous written recommendations in his medical notes for a home healthcare assessment for assistance to plaintiff from December 12, 2002, including actual prescriptions on February 25, 2003 and December 11, 2003 until the time of the hearing. Medical case manager Carolyn Reavis provided the medical notes and each prescription to the adjuster and asked the adjuster for approval of the home healthcare assessment. The adjuster did not respond to this request by either denying or approving any home healthcare assessment or providing any attendant care. The adjuster never testified and defendant offered no evidence to support any reason or basis to ignore Dr. Pritchard's prescriptions for a home healthcare assessment. Plaintiff's attorney's letter to defendant's attorney dated November 20, 2002 indicated Mr. Smith had been providing attendant care for a long time and that an assessment needed to be made in order to give Mr. Smith a break.
9. A home healthcare assessment was ultimately conducted. Dr. Pritchard endorsed the home healthcare assessment report dated September 2004 that recommended assistance 5 hours per day, Monday through Friday.
10. Medical case manager Carolyn Reavis estimated that the cost of healthcare assistance for daily living help would be $20.00 per hour or less, and that the cost of a home healthcare assessment would be $500 or less. Defendant offered no evidence regarding the reasonable cost of home healthcare assistance or of a home healthcare assessment.
11. Consistent with Dr. Pritchard's opinion, Ms. Kish has developed early bilateral carpal tunnel syndrome that was caused by her having to press her wrists on her cane to ambulate and get up and down. Defendants offered no medical evidence to dispute Dr. Pritchard's testimony.
12. Chapter 14 of the Industrial Commission Medical and Hospital Fee Schedules provides that fees for practical nursing services by members of the immediate family of the injured employee will not be approved unless written authority is first obtained from the Industrial Commission. One purpose of this provision is to allow a defendant to meet its obligation to provide to plaintiff practical living assistance as needed in a manner which will not be disruptive to plaintiff's household and at the same time be cost efficient. Rather than hiring a stranger to enter the household to perform certain tasks, a family member could be hired to do these tasks. While Bob Smith, being a common law husband, does not meet the stringent statutory requirements for inheritance law purposes, he has been plaintiff's common law husband for a number of years and continues to live in the home with plaintiff.
13. The greater weight of the evidence establishes that Bob Smith, plaintiff's common law husband who lives with plaintiff, should be paid as of December 12, 2002, except for the periods when plaintiff was hospitalized, for providing retroactive attendant care for plaintiff as prescribed by plaintiff's treating physician. Furthermore, this compensation should be at a rate that takes into consideration the rate charged by professional home health care agencies and the fact that the care has been provided by Bob Smith who is not a professional. Accordingly, a fair rate for attendant care provided by family members is $9.00 per hour.
14. Another purpose of this provision in Chapter 14, by requiring such motion be approved by the Industrial Commission in writing, is to place the defendant on notice that plaintiff is contending there is a need for practical nursing and is requesting such payment be made. In the ideal situation, a plaintiff would submit justification for services to a defendant, request approval from defendant for a certain number of hours by a family member, and defendant would give approval or denial or, in the alternative, provide the services by employing a home health care agency. Should defendant deny the request, then plaintiff can turn to the Industrial Commission for a determination on the issue. In the instant case, defendant took no action either to deny or approve the request made by plaintiff's treating doctor or her attorney.
15. Defendant has not provided plaintiff with home attendant care and has defended this claim for retroactive and ongoing attendant care without reasonable ground. Thus, the fees charged by plaintiff's counsel for representing plaintiff at the hearing before the undersigned, at depositions and for preparing contentions and a proposed Opinion and Award should be charged to defendant and not be charged to plaintiff.
 * * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Defendant is required to provide plaintiff with reasonably necessary medical treatment related to her compensable injury by accident which tends to effect a cure, provide relief, or lessen the period of disability, including retroactive and continuing attendant care when determined appropriate. Even though plaintiff did not technically meet the requirements of Chapter 14 of the Industrial Commission Medical and Hospital Fee Schedule by first obtaining written approval from the Industrial Commission for payment of retroactive practical nursing services, in this particular case given these facts, plaintiff's request that such fees be paid retroactively is reasonable and should be paid. Plaintiff is entitled to a response, whether approving or denying, from defendant. Further, this response should be given within a time period which is also reasonably prompt. Further, for purposes of the provisions of Chapter 14, Bob Smith, who is a common law husband and a member of plaintiff's household though not statutorily a family relation, meets the intent of this particular provision for consistent occasional assistance by a person in the employee's household and is entitled to payment for services rendered. N.C. Gen. Stat. §§ 97-2(19) and 97-25.
2. Bob Smith is entitled to be paid by defendant for attendant care retroactively from December 12, 2002 until the filing of this Opinion and Award for five hours per day, Monday through Friday at the reasonable rate of $9.00 per hour which takes into consideration the rate charged by professional home health care agencies and the fact that Bob Smith is not a home care professional. For attendant care following the date of the filing of this Opinion and Award, defendant may provide this service by employing Bob Smith or a home health care agency. N.C. Gen. Stat. §§ 97-2(19) 97-25, Industrial Commission Medical and Hospital Fee Schedule Chapter 14.
3. Defendant has not provided plaintiff with home attendant care and has defended this claim for retroactive and ongoing attendant care or for medical benefits for carpal tunnel syndrome without reasonable ground. Thus, the fees charged by plaintiff's counsel for representing plaintiff at the hearing before the undersigned, at depositions and for preparing contentions and a proposed Opinion and Award, should be charged to defendant and not be charged to plaintiff. Therefore, plaintiff is entitled to reasonable attorneys fees including costs for expenses involved in the litigation. N.C. Gen. Stat. § 97-88.1.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay all reasonably necessary medical expenses which tend to effect a cure, provide relief or lessen the period of plaintiffs disability, incurred or to be incurred by plaintiff for treatment of her infected disc, her blood infection and her bilateral carpal tunnel syndrome, including the retroactive and continuing attendant care prescribed by Dr. Pritchard as detailed below.
2. Defendant shall pay Bob Smith for retroactive attendant care from December 12, 2002 until the filing of this Opinion and Award for 5 hours per day, Monday through Friday at the reasonable rate of $9.00 per hour. Thereafter, defendant shall either pay Bob Smith or employ a home health care agency to provide these services until further order of the Commission.
3. Defendant shall pay to plaintiff's attorney a reasonable hourly fee agreed upon by plaintiff's attorney for his time representing plaintiff at the hearing in this matter, at the depositions taken subsequent to this hearing and for the time required to prepare contentions and a proposed opinion and award. If the attorneys are unable to agree to this reasonable hourly fee, then the plaintiff's attorney shall submit to the undersigned his normal hourly rate, the calculation of his time spent in completion of the above mentioned services to plaintiff, and the undersigned will determine the reasonable attorney's fee defendant shall pay to plaintiff's attorney.
4. Defendant shall bear all costs of this proceeding.
This the 31st day of March 2006.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_______________ LAURA K. MAVRETIC COMMISSIONER
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER